NO. 07-11-00495-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

OCTOBER 16, 2012

_____

TOMMY FISHER, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF
THE BOARD OF DIRECTORS OF LUBBOCK COUNTY WATER CONTROL
AND IMPROVEMENT DISTRICT, AND LUBBOCK COUNTY
WATER CONTROL AND IMPROVEMENT DISTRICT, APPELLANTS

V.

CHURCH & AKIN, L.L.C., A TEXAS LIMITED LIABILITY COMPANY, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2011-558,690; HONORABLE LES HATCH, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**CONCURRING OPINION**

I join in the Court's judgment and its opinion, but write to express my opinion

there is an additional reason for rejecting one of the District's contentions regarding the

applicability of the waiver of immunity provided under section 271.152 of the Local

Government Code. Tex. Loc. Gov't Code Ann. § 271.152 (West 2005). The District

contends its immunity is not waived for appellee's breach of contract claim because,

when the District locked appellee out of the marina, "there was no written contract in

effect between the parties at the time." It supports that contention with the argument the

lease was not properly extended beyond its initial term. In my view, the District's

contention disregards the language of section 271.152. The section says that a local governmental entity authorized to enter into a contract "and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract . . . ." Under the plain language of section 271.152, immunity from suit for purposes of adjudicating a claim for breach of contract is waived when the governmental entity enters into the contract. The District does not deny entering into the written lease in January 2008. If the lease otherwise meets the definition of a "contract subject to this subchapter," immunity from suit for a claim for its breach was waived then. The dispute whether the term of the lease expired at the end of 2010 or, pursuant to its extension provision, was extended for an additional period, goes to the merits of appellee's breach of contract claim. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000) (plea to jurisdiction is dilatory plea, purpose of which is to defeat a cause of action without regard to its merit). Appellee might have to prove the lease term was extended to establish its breach of contract claim, but did not need to do so to establish the District waived its immunity from suit for the adjudication of its claim.

In response to the District's contention, the Court holds that the record shows the term of the lease was extended so as to be in effect at the time the District locked appellee out of the marina. I do not disagree with the Court's holding, but for the reason I have expressed, under my view the holding is unnecessary to a showing the trial court has jurisdiction over the breach of contract claim.

James T. Campbell
Justice
